UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 3:02cr257(CFD) |
| | : | |
| v. | : | |
| | : | |
| **COREY JENKINS** | : | May 6, 2005 |
| | : | |

### GOVERNMENT'S FOURTH SENTENCING MEMORANDUM

The Government files this memorandum to supplement its previous filings and bring prior additional caselaw to the attention of the court. After the filing of the Government's Third Sentencing memo, the Second Circuit issued a decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). In this case, the Second Circuit interpreted the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005) concerning the Sentencing Guidelines. Specifically, the court enumerated five criteria for district courts to consider in fashioning an appropriate sentence:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (i) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose

-2-

> a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

The Second Circuit cautioned that "it would be a mistake to think that, after Booker/Fanfan, district judges may return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum. On the contrary, the Supreme Court expects sentencing judges faithfully to discharge their statutory obligation to consider the Guidelines and all of the other factors listed in section 3553(a)." Id.(internal quotes omitted)

In this case, the Court should weigh all of the relevant factors, including the issues raised in the Government's prior sentencing memorandums and motion, when fashioning an appropriate sentence under the auspices of Crosby and Booker.

                                            Respectfully submitted,

                                            KEVIN J. O'CONNOR
                                            UNITED STATES ATTORNEY

                                                  /s/
                                            RAYMOND F. MILLER
                                            ASSISTANT UNITED STATES ATTORNEY
                                            157 Church Street
                                            New Haven, CT
                                            Telephone (203) 821-3700
                                            Federal Bar No. CT20451

-3-

## **CERTIFICATION**

    I hereby certify that a copy of the foregoing was mailed on May 6, 2005 to

M. Hatcher Norris, Esq.
Butler, Norris & Gold
254 Prospect Ave.
Hartford, CT 06106-2041

                                  /s/
                            RAYMOND F. MILLER
                            ASSISTANT UNITED STATES ATTORNEY